ANSTEAD, Judge,
dissenting.
I dissent from the decision to en banc what appears to be a typical search and seizure case. There is no discussion of why this case is of “exceptional importance” as stated in the majority opinion, and I see no reason why this case, one of hundreds we decide annually by three *163 judge panel decision, should be treated differently. It appears that we have embarked upon an en banc road that encourages the full court to take over a case in any instance in which non-panel judges may disagree with a panel decision. I do not believe the en banc rule was meant to permit such full court review of every appeal. Aside from the work load consequences, which could be staggering, this kind of full court review undermines the integrity of the three judge panel system, a system of review mandated by the Florida Constitution for the district courts of appeal.
I also disagree with the majority’s holding on the merits. This is a close case, as is evidenced by the well written opinions of my colleagues. Chadwick would appear to require a reversal. The viability of Chadwick has been in some doubt, however, and, if it were not for a recent Florida Supreme Court decision reaffirming the validity of Chadwick, I would probably concur in the majority’s holding on the merits. In State v. Wells, 539 So.2d 464 (Fla. 1989), a case involving the warrantless search of a suitcase, the Florida Supreme Court stated:
Ross itself reached this conclusion when it explicitly distinguished United States v. Chadwick, 433 U.S. 1 [97 S.Ct. 2476, 53 L.Ed.2d 538] (1977), and Arkansas v. Sanders, 442 U.S. 753 [99 S.Ct. 2586, 61 L.Ed.2d 235] (1979). See United States v. Ross, 456 U.S. 798, 811-15 [102 S.Ct. 2157, 2565-68, 72 L.Ed.2d 572] (1982). Chadwick had drawn a clear distinction between automobiles, which have a “diminished expectation of privacy,” 433 U.S. at 12 [97 S.Ct. at 2484], and luggage, which has “expectations of privacy ... substantially greater than in an automobile.” Id. at 13 [97 S.Ct. at 2484]. Sanders had suggested that a warrant was required to open a suitcase where “it was the luggage being transported by respondent at the time of the arrest, not the automobile in which it was being carried, that was the suspected locus of the contraband.” 442 U.S. [at] 767 [99 S.Ct. at 2595] (Burger, C.J., concurring in the judgment). Ross reaffirmed this holding, although it rejected some of Sanders' analysis. 456 U.S. at 824 [102 S.Ct. at 2172-73]. If this conclusion applies when the police actually have probable cause to search luggage, it certainly applies when they do not.
As stated in Chadwick:
Once the federal agents had seized it ... there was not the slightest danger that the footlocker or its contents could have been removed before a valid search warrant could be obtained ... With the footlocker safely immobilized, it was unreasonable to undertake the additional and greater intrusion of a search without a warrant.
433 U.S. at 13 [97 S.Ct. at 2484-85], Moreover, Chadwick expressly noted that the search of the footlocker was a far greater intrusion into interests protected by the fourth amendment than was the mere seizure of the footlocker. Id. at 14 n. 8 [97 S.Ct. at 2485 n. 8].
539 So.2d at 467 n. 2.
The majority opinion notes from the outset that at the time of the search of his luggage, Stone was in custody, and the luggage was out of his possession. Chadwick clearly requires a warrant under those circumstances. The majority’s suggestion that Chadwick stands for the proposition that the police could search at the scene, but couldn’t search an hour later at the police station, would render the Chadwick holding ludicrous. If you have a right to search a person’s wallet at the scene, you don’t lose that right because you wait to search it until you get the suspect to the station. The Chadwick analysis and holding has been subject to criticism, much of which I find valid. In my view, a sounder rule would permit the search of any items in the possession of a suspect at the time of his lawful arrest. However, that is not the law, and I am bound by oath to follow the law as announced by the United States Supreme Court in Chadwick and the Florida Supreme Court in Wells.